Commonwealth v. Tarbox.

━━

## COMMONWEALTH *vs.* WALTER SCOTT TARBOX.

An indictment for printing, publishing, or distributing an obscene paper, within the Rev. Sts. c. 130, § 10, must not only set out the printed paper in the very words of which it is composed, but must also profess to do so, by means of appropriate words for the purpose; unless the language is so obscene as to render it improper that it should appear upon the record; and in that case, the reason for the omission should be stated in the indictment.

The attaching of one of the original printed papers to the indictment, in place of inserting a copy, is not a sufficient indication, that the paper is set out in the very words.

THE defendant, described in the indictment as a physician, was indicted and tried in the municipal court of the city of Boston, for printing, publishing, and distributing, a paper containing obscene language and descriptions, and for receiving and having in his possession, great numbers of similar

printed papers, for the purpose of exhibition and circulation, and with the intent to introduce the same into the families of the citizens of said city, contrary to the provisions of the Rev. Sts. c. 130, § 10.

The indictment contained two counts.

The first count alleged, that the defendant, " on the twenty-eighth day of January, in the year of our Lord eighteen hundred and forty-seven, at Boston aforesaid, did print, publish, and distribute a certain printed paper, containing obscene language and descriptions manifestly tending to the corruption of the morals of youth, which printed paper was distributed and left at the doors of the dwelling-houses of many, to wit, of one hundred of the citizens of Boston, which printed paper containing obscene language, and manifestly tending to the corruption of the morals of the young, and distributed as aforesaid, is of the purport and effect following,* that is to say," [here is inserted a printed copy of the alleged obscene publication] " against the peace, &c., and contrary to the form of the statute," &c.

The second count alleged, that the defendant on the day and year above mentioned, at Boston aforesaid, " did procure, receive, and have in his possession in great numbers, to wit, the number of one thousand, a certain other printed paper containing obscene language and descriptions, manifestly tending to the corruption of the morals of youth, for the purpose of exhibition and circulation, and with the intent to introduce the same into the families of the citizens of said city of Boston, which printed paper is of the purport and effect following, that is to say," [here is inserted a printed copy of the alleged obscene publication] " against the peace, &c., and contrary to the form of the statute," &c.

The defendant, being convicted, moved in arrest of judgment, for the following reasons :

---

* It has not been deemed necessary, to the understanding of the case, to insert the alleged obscene publication. It purported to be an advertisement, by the defendant, of an instrument for sale by him for the prevention of conception.

*First*, that the indictment does not profess to set out the words or tenor of the alleged obscene publication, but only the substance thereof; nor does it aver any reason or excuse for not setting out the words;

*Second*, the publication is not, on its face, obscene, and the indictment contains no innuendoes or other averments making it so;

*Third*, the proper averments of time and place are omitted as to the distribution alleged in the first count, and as to the intent charged in the second.

This motion was overruled, and the defendant thereupon filed exceptions to the decision of the municipal court.

The objection, that the indictment does not profess to set out the words or tenor of the publication, having been already considered, so far as the general principle is concerned, in the case immediately preceding of *Commonwealth* v. *Wright*, the arguments as to that point are omitted.

*Joel P. Bishop* and *Annis Merrill*, for the defendant. The question as to the *first* ground of exception is, whether an indictment on the Rev. Sts. *c.* 130, § 10, relating to the printing and distributing of obscene papers, is governed by the same rules, as to setting out the very words, as an indictment for a libel.

In *Commonwealth* v. *Holmes*, 17 Mass. 336, the defendant was indicted for an obscene publication, and it was held by the court, that the publication need not be set out; it being sufficient to aver its obscenity generally, without minutely spreading the particulars upon the records. At the same time, the reason for omitting the statement was given in the indictment, namely, that the publication was so obscene as to render it improper that it should appear on the record. The rule is, that where a written instrument is the *gist* of the offence, the very words of it must be set out, except in cases of the class just alluded to, and then a reason must be assigned in the indictment for the omission. *Commonwealth* v. *Houghton*, 8 Mass. 107; *United States* v *Britton*, 2 Mason, 464.

The *second* ground of objection is, that the publication, as it is stated in the indictment, is not obscene. This indictment is founded on the Rev. Sts. *c.* 130, § 10. We contend, *first*, that if the statute is fairly susceptible of an interpretation, upon which the court can see, that the publication in question may have any one good purpose, it cannot be considered as an obscene publication; and, *second*, that the publication, as set out in the indictment, is not obscene. The last point will be first considered.

The publication, as set out in the indictment, is not obscene; 1. Because it is not alleged, that the defendant left these papers at the doors of the citizens; the defendant might have published, and another person left them. 2. It does not appear from the indictment, that the defendant published more than one paper. If the indictment had alleged the distribution of more than one, it would have been bad for duplicity. The indictment charges the defendant with printing and publishing one paper, which was distributed (the indictment does not say by the defendant) at one hundred houses. 3. There is no allegation of a general distribution of these papers, which is necessary to constitute the offence prohibited by the statute. Indecent acts, if public, are indictable; it is otherwise, if they are committed in private. The distribution alleged in this indictment might have been private and for justifiable purposes.

If the single paper, which the defendant is thus charged with publishing and distributing, could have been properly published, under any circumstances; if the defendant, being a physician, could have innocently delivered this paper to a patient, or to any other person; then there is no crime alleged in the first count.

There are no innuendoes in this indictment; — no averment or allegation as to the intent: — it is only stated that the defendant published the paper. If there are no averments in an indictment for libel, showing the matter published to be necessarily libellous, there is no offence charged

*Commonwealth* v. *Child*, 10 Pick. 252. Rejecting the surplusage, there is nothing here to show an offence ;˙for any thing that appears, the publication might have been strictly confidential. The second count amounts to nothing more than the first. The jury would have been warranted in their verdict, if the defendant had had but a single paper for exhibition. The court, therefore, cannot infer from the verdict, that any thing further was proved; and, if the defendant could have properly had one such paper in his possession for exhibition to any body, there is no offence charged. The defendant must be presumed to have circulated the paper only as he had a right to do.

As to the ground, first above suggested, touching the interpretation of the statute : — if the defendant could legally have done what is sufficiently and properly charged against him in the indictment, he cannot be held on the first count. Does this statute mean to punish the printers, publishers, and sellers of physiological, or anatomical books, or of works on midwifery ? to shut the door against scientific pursuits of this description ? or to punish a physician for doing what may be necessary in the course of his practice ? There is a large class of cases, undoubtedly, which, if published, could not be supposed to be so for any good purpose ; and these must be considered as prohibited by the statute ; but such publications, as may have a scientific and useful purpose, are not intended to be prohibited, unless their scientific use is a mere pretence. " Acts of parliament," says lord Coke, " are so to be construed, as that no man that is innocent, or free from injury or wrong, be, by a natural (that is, literal) construction, punished or endangered." Coke Litt. 360 *a* ; Dwarris on Statutes, Part II. 726.

If the statute does not intend to prohibit a publication with a good purpose, and the court cannot see that the publication complained of can be for no good purpose, then the defendant cannot be held on this indictment. In the case of *The King* v. *Younger*, 5 Term R. 449, which was an indictment aga˙nst

the defendant, who was a baker, for baking dinners for his customers on Sunday, contrary to the statute of 29 Charles II. ch. 7, which provides that no tradesman, &c., shall exercise any worldly labor, business, or work, of their ordinary callings upon the Lord's day, lord Kenyon, C. J., said: " With regard to the act, on which this conviction is founded, I think we should construe it equitably, so as that it may answer the purposes of public convenience, taking care, at the same time, that Sunday should not be profaned." The other judges concurred in this view. So, in the case of *Knowles* v. *The State*, 3 Day, 301, which was a criminal information against the plaintiff, for exhibiting shows, &c., contrary to law, the court said: " The word *shows*, which can alone apply to this case, has no technical meaning, known in law ; and it cannot be extended by construction, to render criminal the mere exhibition of a work of art, a natural curiosity, or the collections of a museum."

*S. D. Parker*, for the commonwealth.

1. In this case, one of the original papers is attached to the indictment and makes a part of it. This meets the objection as to not professing to set out the very words, and is an indication quite as strong as could be expressed in language. With an indictment drawn as this is, it is almost absurd to argue, that the defendant is not permitted to know what he is charged with.

2. It is surprising, that any one should pretend that this publication, on the face of it, is not obscene. It is a compound of falsehood, fraud, and obscenity. The last paragraph, but one, especially, is exceedingly obscene, disgusting, and corrupting. As to there not being any innuendoes, — it is enough that the meaning is plain without them.

3. The answer to the third objection, — the omission of the words *then and there* with respect to certain allegations in the indictment, — is, that each of the counts in an indictment is but a single long sentence, containing only one statement of time and place, to which every allegation is to be referred. 2 Ld. Raym. 1461.

FORBES, J. In this case the same objections are made to the form of the indictment as in the case of *Commonwealth* v. *Wright,* and for the reasons stated in that case judgment must be arrested.

The matter charged in this indictment, if properly set out, would clearly constitute an offence within the Rev. Sts. *c.* 130, § 10. In indictments for offences of this description, it is not always necessary that the contents of the publication should be inserted; but, whenever it is necessary to do so, or whenever the indictment undertakes to state the contents, whether necessary or not, the same rule prevails as in the case of libel, that is to say, the alleged obscene publication must be set out in the very words of which it is composed, and the indictment must undertake or profess to do so, by the use of appropriate language. The excepted cases occur, whenever a publication of this character is so obscene, as to render it improper that it should appear on the record ; and, then, the statement of the contents may be omitted altogether, and a description thereof substituted ; but, in this case, a reason for the omission must appear in the indictment, by proper averments. The case of *Commonwealth* v. *Holmes,* 17 Mass. 336, furnishes both an authority and a precedent for this form of pleading. In the present case, the indictment sets out the printed paper according to its purport and effect, and not in *hæc verba,* or according to its tenor, or by words importing an exact transcript. The mode of pleading adopted cannot be sustained, and the indictment being insufficient, judgment is arrested.